Silverman Perlstein & Acampora LLP
Counsel to Kenneth P. Silverman, Esq.,
As Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(615) 479-6300
Gerard R. Luckman, Esq. (GRL#8516)
Robert D. Nosek, Esq. (RDN#7676)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re

JAY E. GOLD,

                      Debtor.
------------------------------------------------------------X

In re

JAY E. GOLD,

                      Debtor.
------------------------------------------------------------X

SIGNATURE BANK,

                      Plaintiff,

      - against -

JAY E. GOLD M.D., F.A.C.P., P.C., JAY E. GOLD, M.D.
a/k/a/ JASON GOLD, and SHARI GOLD,

                      Defendants.
------------------------------------------------------------X

JUDGE BRIEANT

08 CV 1016

Civ. No.:

Chapter 7
Case No. 07-12188 (SMB)

Index No.: 06-22748
(Rudolph, J.)

FILED U.S. DISTRICT COURT S.D. OF N.Y. 2008 JAN 31 PM 1:05

### NOTICE OF REMOVAL PURSUANT TO FEDERAL
### RULE OF BANKRUPTCY PROCEDURE 9027(a)

**PLEASE TAKE NOTICE** that, by this Notice of Removal, Kenneth P. Silverman, Esq., (the "Trustee") as Chapter 7 trustee of the bankruptcy estate of Jay E. Gold, the above debtor (the "Debtor"), by his attorneys, Silverman Perlstein & Acampora LLP, seeks to remove the Fourth Cause of Action within that certain civil action entitled <u>Signature Bank v. Jay E. Gold M.D., F.A.C.P., P.C., Jay E. Gold, M.D. a/k/a Jason Gold, and Shari Gold</u>, docketed as Index No. 06-22748 (Rudolph, J.) and pending in the Supreme Court of the State of New York, County of Westchester (the "Action"), to this Court in accordance with 28 U.S.C. §1452 and Federal Rule of Bankruptcy Procedure 9027(a). Once the Action is removed, the Trustee intends to

RDN/D259787v/F054571

move this Court to refer the Action to the United States Bankruptcy Court for the Southern District of New York at Bowling Green in which is pending the individual chapter 7 bankruptcy case of the Debtor.

**PLEASE TAKE FURTHER NOTICE** that, a copy of the Amended Verified Complaint and the answer of defendant Shari Gold filed in the Action are annexed hereto as **Exhibit A** and **B**, respectively.

**PLEASE TAKE FURTHER NOTICE** that the Trustee is removing the Fourth Cause of Action in the Action because that cause of action affects property of the Debtor's bankruptcy estate over which the Bankruptcy Court for the Southern District of New York has exclusive jurisdiction pursuant to 11 U.S.C. § 541(a)(1) and 28 U.S.C. § 1334(e)(1). The property of the Debtor's estate that is comprised by the State Court Action is a cause of action and/or a claim for relief based on a pre-petition fraudulent conveyance of the Debtor's interest in residential real property to his spouse as part of an uncontested divorce proceeding, which cause of action and/or claim for relief now belongs to the Debtor's estate to be asserted by the Trustee as a result of the commencement of this bankruptcy case and the entry of an order for relief herein. Furthermore, the Trustee is removing only the Fourth Cause of Action in the Action because the First, Second and Third Causes of Action were previously resolved by the State Court in favor of Signature Bank. Thus, only the Fourth Cause of Action remains unresolved and pending in the Action.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H), and (O) and 1334(b) and (e), the Fourth Cause of Action in the State Court Action is a core proceeding.

**PLEASE TAKE FURTHER NOTICE** that, upon the removal of the Fourth Cause of Action, that part of the State Court Action so removed is a core matter. To the extent it is later determined, however, that the Fourth Cause of Action as between the Trustee and Shari Gold and/or Jay Gold is a non-core matter, the Trustee consents to the entry of final orders or judgment by the Bankruptcy Judge with regard to those matters so determined.

Dated: Jericho, New York
      January 31, 2008

**Silverman Perlstein & Acampora LLP**
Counsel to Kenneth P. Silverman, Esq., as chapter 7 trustee of the estate of Jay Gold

By: _/s/ Gerard R. Luckman_
Gerard R. Luckman (GRL#8516)
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

TO: Clerk of the Supreme Court of New York,
County of Westchester
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601

Heller Horowitz & Feit
Martin Stein, Esq.
Attorneys for Defendant Shari Gold
292 Madison Avenue
New York, New York 10017-6307

Shari Gold
Defendant
4 Disbrow Lane
New Rochelle, New York 10804

Jay E. Gold a/k/a Jason Gold
*Pro se* Defendant
1250 North Avenue
New Rochelle, New York 10804

Westerman Ball Ederer Miller & Sharfstein LLP
Daniel G. Lyons, Esq.
John Westerman, Esq.
Attorneys for the Plaintiff
170 Old Country Road, Suite 400
Mineola, New York 11501

Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York  10004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------X
SIGNATURE BANK,

                        Plaintiff,

    -against-

JAY E. GOLD M.D., F.A.C.P., P.C.,
JAY E. GOLD, M.D. a/k/a JASON GOLD, and
SHARI GOLD,

                        Defendants.
-----------------------------------------------------------X

Index No.: 06-22748
(Rudolph, J.)

**AMENDED VERIFIED COMPLAINT**

RECEIVED
DEC 13 2006
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

       Plaintiff Signature Bank ("Signature"), by its attorneys, Westerman Ball Ederer Miller & Sharfstein, LLP, complaining of defendants, respectfully states as follows:

## THE PARTIES

1. Signature is a banking institution duly licensed and authorized to do business in the State of New York.

2. Upon information and belief, defendant Jay E. Gold M.D., F.A.C.P., P.C. (the "Borrower") is a New York professional corporation.

3. Upon information and belief, defendant Jay E. Gold, M.D. a/k/a Jason Gold ("Guarantor") is an individual residing in Westchester County, New York.

4. Upon information and belief, defendant Shari Gold is an individual residing in Westchester County, New York, and is the wife of Guarantor.

## FACTS

5. Upon information and belief, Borrower is or was a medical practice owned and operated by its principal, Guarantor, who is a medical doctor.

6. On or about March 8, 2006, Borrower and Guarantor submitted to Signature Bank a Business Credit Application and accompanying Personal Financial

Statement, for the purpose of obtaining a line of credit from Signature. True and correct copies of these documents are attached collectively as Exhibit "A" hereto and incorporated herein by reference.

(A)     **The Credit Account Agreement**

7.    On or about April 10, 2006, Signature and Borrower entered into a Business Revolving Credit Account Agreement (the "Credit Account Agreement"), pursuant to which Signature extended to Borrower a business line of credit in the principal amount of $250,000.00, subject to the terms of the Credit Account Agreement. A true and correct copy of the Credit Account Agreement is attached as Exhibit "B" hereto and incorporated herein by reference.

8.    Under the Credit Account Agreement, Borrower covenanted, among other things, that Borrower shall "[n]ot . . . liquidate or dissolve itself (or suffer any liquidation or dissolution) or convey, sell or lease assets other than in the ordinary course of business, or make any material change in the present method of conducting business." Credit Account Agreement at ¶ 7(e).

9.    Borrower also covenanted to "[p]romptly give notice in writing to the Bank of the occurrence of any Event of Default under this Agreement . . . ." Credit Account Agreement at ¶ 7(c).

10.   The Credit Account Agreement lists "Events of Default", which include:

> Failure by the Borrower to pay the principal of, or any installment on, the Loans when due, or failure to pay any interest on the Loans or any fee hereunder within ten days after any such interest or fee becomes due; . . .
>
> Default by the Borrower in the observance or performance of any covenant or agreement

> contained in this Agreement, and the continuance of the same for 15 days . . . . *See* Credit Account Agreement at ¶¶ 8(a), (c).

11. The Credit Account Agreement further provides that if an Event of Default occurs, Signature may (among other remedies) declare the entire outstanding principal and interest immediately due and payable. *See* Credit Account Agreement at ¶ 8.

12. Pursuant to Paragraph 10 of the Credit Account Agreement, Borrower is liable for all attorney's fees and other costs and expenses incurred by Signature in connection with enforcing the Credit Account Agreement.

(B) **The Security Agreement**

13. On or about April 10, 2006, to secure repayment of Borrower's obligations under the Credit Account Agreement, Signature and Borrower entered into a Continuing General Security Agreement (the "Security Agreement") pursuant to which Signature acquired a security interest in all of Borrower's assets in accordance with the terms of the Security Agreement. A true and correct copy of the Security Agreement is attached as Exhibit "C" hereto and incorporated herein by reference.

14. Under the Security Agreement, Borrower agreed, among other things:

> that [Borrower] will promptly notify the Bank upon the occurrence of any default or Event of Default, as provided in this Agreement, of which [Borrower] has knowledge, and will promptly provide to the Bank all other information reasonably requested by the Bank.

> that [Borrower] will not sell, transfer, lease or otherwise dispose of any of the Collateral or any interest therein, or offer to do so or permit anything to be done to impair the value of the Collateral or

the security interest granted to the Bank . . . . *See* Security Agreement at ¶¶ 7(j), (k).

15. Paragraph 9 of the Security Agreement provides, in relevant part: "Upon non-payment when due of any of the Obligations, or upon the failure of [Borrower] to perform any agreement on its part to be performed hereunder, or by the terms of any other related agreement covering the Obligations . . . all Obligations shall become at once due and payable, without notice, presentment, demand for payment or protest, which are hereby expressly waived . . . ."

16. Under Paragraph 10 of the Security Agreement, Borrower is liable for all attorney's fees and other costs and expenses incurred by Signature in connection with the collection of the indebtedness owed by Borrower.

(C) **The Guaranty**

17. On or about April 10, 2006, in order to induce Signature to extend the line of credit to Borrower, Guarantor executed and delivered to Signature a Continuing Guaranty (the "Guaranty") personally guaranteeing the obligations of Borrower to Signature. A true and correct copy of the Guaranty is attached as Exhibit "D" hereto and incorporated herein by reference.

18. Under Paragraph 9 of the Guaranty, Guarantor is liable for all attorney's fees and other costs and expenses incurred by Signature in enforcing the Guaranty.

(D) **The Subordination Agreement**

19. On or about April 10, 2006, Signature and Guarantor entered into a Subordination Agreement, which, among other things, subordinated any and all debt owed from Borrower to Guarantor and provided that the debt from Borrower to Signature

4

was senior thereto. A true and correct copy of the Subordination Agreement is attached as Exhibit "E" hereto and incorporated herein by reference.

20. The Credit Account Agreement, Security Agreement, Guaranty and Subordination Agreement are all interrelated and were entered into as part of the same series of transactions between Signature, on the one hand, and Borrower and Guarantor, on the other hand.

(E) **Defendants Breach The Parties' Agreements**

21. In or about July 2006, in violation of Paragraph 7(e) of the Credit Account Agreement and Paragraph 7(k) of the Security Agreement, Borrower sold or otherwise transferred all or substantially all of its assets outside the ordinary course of its business, closed its business, and shut down its medical practice.

22. Such violations of the Credit Account Agreement and Security Agreement constituted Events of Default thereunder.

23. In violation of Paragraph 7(c) of the Credit Account Agreement and Paragraph 7(j) of the Security Agreement, Borrower failed to promptly notify Signature of such Events of Default.

24. By letter dated October 11, 2006, Signature notified Borrower and Guarantor of their defaults and further advised that the entire amount of their outstanding indebtedness owed to Signature was immediately due and payable to Signature. A true and correct copy of that notice is attached as Exhibit "F" hereto and incorporated herein by reference.

25. Despite demand, Borrower and Guarantor have failed and refused to pay the amount of their outstanding debt to Signature, and have failed and refused to account for the disposition of their assets.

26. As authorized by Paragraph 3(e) and Paragraph 11 of the Credit Account Agreement, Signature charged Borrower's account at Signature and applied the funds from that account toward the total outstanding indebtedness owed to Signature. *See* Exhibit "G".

27. The amount of the unpaid indebtedness owed by defendants to Signature is $195,138.74 plus interest, which continues to accrue, attorney's fees and other expenses incurred by Signature in collecting the debt owed by defendants. *Id.*

(F) **The Fraudulent Conveyance Of The Defendants' House**

28. In or about July 2006, Guarantor and his wife, defendant Shari Gold ("Mrs. Gold"), purportedly transferred ownership of their house located at 4 Disbrow Lane, New Rochelle, New York 10804 (the "Property"), which they owned jointly, to Mrs. Gold solely (the "Fraudulent Conveyance").

29. Upon information and belief, the Fraudulent Conveyance of the Property was without fair consideration.

30. Upon information and belief, at the time the Fraudulent Conveyance of the Property was made, Guarantor and/or Mrs. Gold were insolvent or were rendered insolvent thereby.

31. Upon information and belief, Guarantor and Mrs. Gold made the Fraudulent Conveyance of the Property intending or believing that they would incur debts beyond their ability to pay them as they matured.

32. Upon information and belief, the Fraudulent Conveyance of the Property was made with the actual intent to hinder, delay, or defraud Signature and was otherwise unlawful and improper.

## AS AND FOR A FIRST CAUSE OF ACTION

### Breach of the Credit Account Agreement v. Borrower

33. Signature incorporates by reference the foregoing paragraphs of this amended complaint as if the same were set forth at length herein.

34. The Credit Account Agreement is a valid and binding contract.

35. Signature duly and timely performed all of its obligations under the Credit Account Agreement.

36. As set forth above, Borrower breached the Credit Account Agreement and defaulted thereunder.

37. As a direct and proximate result, Signature has suffered harm in the amount of $195,138.74, plus interest, costs, attorney's fees, disbursements and other expenses incurred in this action.

## AS AND FOR A SECOND CAUSE OF ACTION

### Breach of the Security Agreement v. Borrower

38. Signature incorporates by reference the foregoing paragraphs of this amended complaint as if the same were set forth at length herein.

39. The Security Agreement is a valid and binding contract.

40. Signature duly and timely performed all of its obligations under the Security Agreement.

41. As set forth above, Borrower breached the Security Agreement and defaulted thereunder.

42. As a direct and proximate result, Signature has suffered harm in the amount of $195,138.74, plus interest, costs, attorney's fees, disbursements and other expenses incurred in this action.

### AS AND FOR A THIRD CAUSE OF ACTION

### Breach of the Guaranty v. Guarantor

43. Signature incorporates by reference the foregoing paragraphs of this amended complaint as if the same were set forth at length herein.

44. The Guaranty is a valid and binding contract.

45. Signature duly and timely performed all of its obligations under the Guaranty.

46. As set forth above, Guarantor breached the Guaranty and defaulted thereunder.

47. As a direct and proximate result, Signature has suffered harm in the amount of $195,138.74, plus interest, costs, attorney's fees, disbursements and other expenses incurred in this action.

### AS AND FOR A FOURTH CAUSE OF ACTION

### Fraudulent Conveyance v. Guarantor and Mrs. Gold

48. Signature incorporates by reference the foregoing paragraphs of this amended complaint as if the same were set forth at length herein.

49. The Fraudulent Conveyance of the Property from Guarantor and Mrs. Gold jointly to Mrs. Gold only was fraudulent as set forth in Sections 273, 275 and/or 276 of the Debtor and Creditor Law and otherwise unlawful and improper.

WHEREFORE, Signature demands judgment in its favor and against defendants as follows:

    (a)    on the first and second causes of action, for an award of damages against Borrower in the amount of $195,138.74, plus interest, costs, attorney's fees, disbursements and other expenses incurred by Signature in this action;

    (b)    on the third cause of action, for an award of damages against Guarantor in the amount of $195,138.74, plus interest, costs, attorney's fees, disbursements and other expenses incurred by Signature in this action;

    (c)    on the fourth cause of action, for an order: (i) declaring that the July 2006 conveyance of the Property from Guarantor and Mrs. Gold jointly to Mrs. Gold only was fraudulent; (ii) declaring such fraudulent conveyance null and void and setting it aside; (iii) authorizing Signature to attach or levy execution upon the Property; and (iv) awarding to Signature its costs, attorneys' fees, disbursements and other expenses incurred by Signature in this action; and

    (d)    on all causes of action, for such other and further relief as the Court deems just, proper and equitable.

Dated: Mineola, New York
December 12, 2006

                        WESTERMAN BALL EDERER MILLER
                                &amp; SHARFSTEIN LLP

By: _____
Greg S. Zucker, Esq.
Daniel G. Lyons, Esq.
Attorneys for Plaintiff
170 Old Country Road, Suite 400
Mineola, New York 11501
(516) 622-9200

## VERIFICATION

STATE OF NEW YORK           )
                            )ss:
COUNTY OF NEW YORK          )

KRISHNAWATTE YOUSUF
Notary Public, State of NY
Bronx County No. 01YO6060224
Commission Expires: 09-23-07

Steven Saporito, being duly sworn, deposes and says:

I am a Vice President of plaintiff Signature Bank. I have read the foregoing amended complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
STEVEN SAPORITO

Sworn to before me this
12 day of December, 2006

_____
Notary Public

11

(175088.2)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**
----------------------------------------X

SIGNATURE BANK,                                  06-22748

                Plaintff,                 **ANSWER OF SHARI**
                                          **GOLD**

  - against -

JAY E. GOLD, M.D., F.A.C.P., P.C., JAY E. GOLD M.D.
a/k/a JASON GOLD and SHARI GOLD,

                Defendants.

----------------------------------------X

    SHARI GOLD, by her attorneys, Heller, Horowitz & Feit, P.C., for her answer to the amended verified complaint, alleges:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 3, and 5 through 27.

    2.    Denies each and every allegation contained in paragraphs 4, 28 through 32, 48 and 49 of the amended complaint.

    WHEREFORE, defendant Shari Gold demands judgment dismissing this action and awarding her the costs and disbursements of this action.

Dated:  New York, New York
          January 15, 2007

                                      HELLER, HOROWITZ & FEIT, P.C.

                                      By: _____
                                      Martin Stein (MS9372)
                                      292 Madison Avenue
                                      New York, New York 10017
                                      212-685-7600
                                      *Attorneys for Defendant Shari Gold*

## VERIFICATION

**STATE OF NEW YORK**

**COUNTY OF**

Shari Gold, being duly sworn deposes and says:

I am a defendant in this action. I have read the foregoing answer to the verified amended complaint and the same is true based on my own personal knowledge and belief.

*[signature]*
Shari Gold

Sworn to this ___ day of February 2007

_____

175428v1.doc